UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| United States of America | **Protective Order** |
|---|---|
| v. | |
| Steven Sanchez, | **21 Crim. 407 (KPF)** |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**WHEREAS**, the Government will make disclosure to the defendant of documents, objects and information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material";

**WHEREAS**, the Government's Disclosure Material in this case may include sensitive information ("Sensitive Information") that may (i) affect the privacy interests of third parties; or (ii) expose confidential personal information;

**WHEREAS**, the entry of a protective order in this case will permit the Government to produce disclosure material expeditiously without further litigation or the need for substantial redactions, and will afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. The Government may designate Disclosure Material as Sensitive Information by labeling such Disclosure Material as "Sensitive." Sensitive Information so designated by the Government shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. All Sensitive Information possessed by the defense shall be maintained in a safe and secure manner.

2. The defense shall not post any Sensitive Information on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Information to the media or any other third party, except as set forth herein.

3. Sensitive Information may be disclosed by counsel to the following persons (hereinafter, "Designated Persons"):

（a) The defendant;

(b) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

(c) Prospective witnesses ("Prospective Witnesses") for purposes of defending this action.

All Designated Persons to whom Sensitive Information is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Sensitive Information is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Persons that they are bound by the terms

of this Order. Defense counsel shall make reasonable efforts to maintain a record of what Sensitive Information has been disclosed to Prospective Witnesses pursuant to this Order.

4. The Government may authorize, in writing, disclosure of Sensitive Information beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any Sensitive Information in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for Sensitive Information that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Sensitive Information within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Sensitive Information is provided to any Prospective Witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

8.  The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney

by: _____    Date:   6/28/2021
    Patrick R. Moroney
    Assistant United States Attorney


_____    Date:   6/29/21
Robert Baum, Esq.
Counsel for Steven Sanchez


SO ORDERED:

Dated: New York, New York
      July  1 , 2021

_____
THE HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE